# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:17-CR-00060-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AMY THREATT CAMPBELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Consent Motion for Conditions of Release (Doc. No. 22) and a Stipulation for Entry of Consent Judgment and Waiver of Final Revocation Hearing (Doc. No. 23). As discussed below, the Court will grant the temporary release motion but will hold the consent judgment motion in abeyance pending a subsequent hearing.

In November 2014, Defendant was sentenced for conspiring to possess pseudoephedrine to manufacture methamphetamine. See Doc. No. 2. After serving a term of imprisonment, Defendant was required to serve a two-year period of supervised release. One condition of release was that she would not commit another federal, state, or local crime. See id. For most of the two-year term, Defendant complied with her supervised release conditions. But in April 2017—with just over one month remaining of the two-year term—Defendant was charged in state court with felony possession of methamphetamine. See id. Defendant was ordered detained for this violation. See Doc. No. 20. She has now been detained for over four months. See id.

On March 22, 2020, Defendant and the Government filed a joint recommendation, requesting that Defendant be temporarily released until a final revocation hearing could be held. See Doc. No. 22. Because Defendant "suffers from multiple medical issues," they requested home arrest "so that she could self-quarantine and avoid the risks of continued incarceration while she

awaits the scheduling of the final revocation hearing."  Id. at 3–4.  About two weeks later, the litigants asked the Court "without further-in-person proceedings, to [enter] a judgment in this matter revoking [Defendant]'s current term of federal supervision; imposing a sentence of 'time-served,' with said sentence to run concurrently to any future state term of imprisonment resulting from the conduct underlying the [state possession charge]; and imposing no further term of federal supervision."  Doc. No. 23 at 2.  In support, the litigants acknowledge that Defendant has a criminal history category of I, no prior violent convictions, multiple medical issues, and has complied with her terms of supervised release for the majority of the time imposed.  See id. at 3–4.

The Court has considered the motions.  First, the Court agrees that the litigants have offered a compelling reason under 18 U.S.C. § 3142(i) for temporary release pending a full revocation hearing.  See Doc. No. 22.  Notably, this is not a case where the defendant is "otherwise healthy and potentially violent."  United States v. Hartley, No. 19-CR-298, 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020).  Rather, here, it is undisputed that Defendant suffers from "multiple medical issues," Doc. No. 22 at 3, and is a non-violent offender, Doc. No. 23 at 4.  Given the unique circumstances of this case, Defendant shall be temporarily released, subject to this Court's standard conditions of release, as well as conditions of 24-hour incarceration at her mother's residence and location monitoring as directed by the Probation Office.  See United States v. Stephens, No. 15-CR-95, 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020).

The Court has also considered the litigants' request to revoke supervised release without further in-person proceedings.  In this Circuit, "[a] defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against her and waives her rights under Rule 32.1 of the Federal Rules of Criminal Procedure."  United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005).  The Court must find that

that Defendant (1) "knowingly and voluntarily admitted to the alleged violations" and (2) "she knowingly and voluntarily waived her right to a full revocation hearing." Id. To ensure Defendant is knowingly and intelligently foregoing these procedural rights, the Court shall hold a hearing a prior to issuing a final order that revokes supervised release. Therefore, Defendant's judgment motion shall be held in abeyance until that time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, pursuant to 18 U.S.C. § 3142(i), the litigants' Consent Motion for Conditions of Release, Doc. No. 22, is **GRANTED**, and Defendant **SHALL** be temporarily released, subject to the following conditions. First, Defendant **SHALL** comply with the standard conditions of supervised release that have been adopted by this Court. See Misc. No. 3:16-MC-221 (W.D.N.C. Dec. 8, 2016). Second, Defendant **SHALL** be subject to 24-hour incarceration at her mother's residence and to location monitoring as directed by Probation.

**IT IS FURTHER ORDERED** that the litigants' Stipulation for Entry of Consent Judgment and Waiver of Final Revocation Hearing, Doc. No. 23, shall be held in **ABEYANCE**, pending a hearing to determine whether Defendant's waiver is knowing and voluntary. Defendant **SHALL APPEAR** for that hearing, which is currently scheduled for **April 15, 2020**.

Signed: April 6, 2020

Max O. Cogburn Jr
United States District Judge